McCauley, J.
The plaintiff had made her claim as to what the arrangement was between her and the defendant, her brother, and the defendant had made his claim. The oafly difference between them was as to the length of time the plaintiff should continue as his housekeeper — she claiming it was during her life, and he claiming' it was to continue only while they could agree or get along together. The testimony excluded by the court had no direct tendency to sustain the claim of the defendant, because it did not purport to prove the terms of any agreement of the parties; but it showed a state of fact which must have influenced the defendant in the kind of contract or arrangement he would make with a person known to him as the plaintiff was — and to some extent helped to show whether the arrangement claimed by the plaintiff or the one claimed by the defendant was the more probable as matter of fact.
If the plaintiff was of such peevish and disagreeable temper that none of her relatives could live with her, and this was known to the defendant when the arrangement to keep house was made, these facts would strengthen the probability that the arrangement was temporary, as claimed by the' defendant, rather than for life, as claimed by the *307 plaintiff. The proof, we think, was competent to go to the jury for what it was worth in connection with the other evidence in the case. A similar question was made and the same view taken in Allison v. Horning, 22 Ohio St. 138, and cases therein referred to.

Judgment affirmed.